**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                    :
JOHN DOUGLAS JACKSON,               :
                                    :  Civil Action No. 10-3150 (NLH)
            Petitioner,             :
                                    :
        v.                          :  **MEMORANDUM OPINION AND ORDER**
                                    :
WARDEN DONNA ZICKEFOOSE,             :
                                    :
            Respondent.             :
_____ :

This matter comes before the Court upon submission made by John Douglas Jackson ("Jackson"), executed pursuant to 28 U.S.C. § 2241,[1] and it appearing that:

2.  In his Petition, Jackson challenged the conditions of his confinement at the F.C.I. Fort Dix.[2] See Docket Entry No. 1, at 1 and generally. The allegations set forth in the attachment to his Petition, titled "Argument," present a mix of generalities, see id. at 9-10 and 11-12, and claims asserting lack of toiletries. See id. at 10-11.

2.  Petitioner's allegations do not assert habeas challenges and, hence, cannot be entertained in this matter. The Court of Appeals for the Third Circuit explained the distinction

---

[1] Petitioner also initiated two civil matters in this District, Jackson v. Grondolsky, 09-5617 (NLH) (D.N.J.) (filed on Nov. 4, 2009), and Jackson v. Grondolsky, 09-5617 (NLH) (D.N.J.) (filed on Dec. 23 2009, and terminated on Apr. 14, 2010).

[2] Petitioner was since transferred to Federal Prison Camp Schuylkill, Minersville, Pennsylvania. See Docket Entry No. 3.

between the availability of civil rights relief and the availability of habeas relief as follows:

> [W]henever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). Therefore, a prisoner is entitled to a writ of habeas corpus only if he "seek[s] to invalidate the duration of [his] confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody." See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). In contrast, if a judgment in the prisoner's favor would not affect the fact or duration of the prisoner's incarceration, habeas relief is unavailable and a civil complaint is the appropriate form of remedy. See, e.g., Ganim v. Federal Bureau of Prisons, 235 Fed. App'x 882 (3rd Cir. 2007) (holding that district court lacks jurisdiction under § 2241 to entertain prisoner's challenge to his transfer between federal prisons); Bronson v. Demming, 56 Fed. App'x 551, 553-54 (3rd Cir. 2002) (habeas relief was unavailable to inmate seeking release from disciplinary segregation to

2

general population, and district court properly dismissed habeas petition without prejudice to any right to assert claims in properly filed civil rights complaint). Here, it appears self-evident that Petitioner employ has no effect on either the fact of his confinement or the term of his confinement.

3. Unlike habeas actions, civil rights cases require a filing fee, either as a prepayment or a series of installment payments. See 28 U.S.C. § 1915.  The filing fee for a habeas petition is $5.00, and inmates filing a habeas petition who are granted in forma pauperis status do not have to pay the filing fee.  See Santana v. United States, 98 F. 3d 752 (3d Cir. 1996) (filing fee payment requirements of PLRA do not apply to in forma pauperis habeas corpus petitions and appeals).  In contrast, the filing fee of a civil rights complaint is $350.00.  Inmates filing a civil rights complaint who proceed in forma pauperis are required to pay the entire filing fee in monthly installments which are deducted from the prison account.  See 28 U.S.C. § 1915(b).  In addition, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may

not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).  Because of these differences, courts do not re-characterize, sua sponte, a habeas pleading as a civil rights complaint.

IT IS, therefore, on this 15TH day of   December  , 2010,

ORDERED that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is dismissed for lack of habeas jurisdiction; and it is further

ORDERED that the Clerk shall serve a copy of this Memorandum Opinion and Order upon Petitioner by regular U.S. mail, together with: (a) a blank in forma pauperis form for prisoners seeking to file a civil complaint; and (b) a blank civil complaint form,[3] and shall close the file on this matter.

                                  /s/ NOEL L. HILLMAN
                                 **NOEL L. HILLMAN**
                                 **United States District Judge**

At Camden, New Jersey

---

[3] The Court expresses no opinion as to substantive validity or invalidity of Petitioner's civil rights challenges.